IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL E. LAUGHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:07-60 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| STACEY FRYE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND AND PROCEDURAL POSTURE

Plaintiff's *pro se* action alleges, as best the Court can determine, civil rights violations, including "1st Amendment Right"; defamation; and the "right to refuse a Poligraph [sic] test." Document No. 4 at I, A-B. Plaintiff claims that on or around July 1, 2006, at McAllister Forensic Associates, Inc., (hereinafter "McAllister"), 419 Lincoln Street, Johnstown, PA, Defendant stated that Plaintiff was a "Sexual Predator" and was "attracted to young African American men"; that she contacted his "parole agent and told him that [Plaintiff was] a Sexual Predator" and "needed to attend Sexual Offense treatment"; and that Defendant informed the other members in the treatment group in which he was evidently placed that Plaintiff was a sexual predator. *Id*. at II, A-C.

Plaintiff also alleges that Defendant told him he had to take a "poligraph" (sic) test and that if he refused she would have him "placed back in prison." *Id*. at II C. Plaintiff further alleges that Defendant told him he had to talk in group and that if he did not she would "contact his parole officer and have him placed back in prison . . . ." *Id*. At that point Plaintiff states he asserted a First Amendment right not to speak in the group, and alleges that Defendant responded that he had "no

1

rights." *Id.*

Plaintiff claims that he lost his job due to Defendant's "allegations" and that he is "unable to find other employment." *Id.* at III. He seeks to "have [his] record cleared of [Defendant's] accusations"; monetary damages for "lose [sic] of wages"; to recover "monies paid to [Defendant]"; and compensation for the "anguish and stress" Defendant has allegedly caused him.

Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment. Document No. 9. Defendant explains that she was an employee of McAllister, and "in charge of providing social service counseling and sex offender evaluation" for Plaintiff. *Id.* ¶ 3. She asserts that Plaintiff was "referred by the [Pennsylvania] Board of Probation and Parole [hereinafter "Parole Board"] to [McAllister] for the purpose of sex offender evaluation"; that everyone in the group to which Plaintiff refers was a convicted sex offender; that "certain tests were mandated" to be performed on Plaintiff and that the results of those tests had to be provided to the Parole Board; and that Defendant only disseminated information about Plaintiff to the Parole Board, pursuant to the Parole Board's requirements. *Id.* ¶ 5.

Defendant has attached multiple documents, including Parole Board records indicating that a condition of Plaintiff's 2005 parole was psychological testing, *id.*, Exhibit A; Plaintiff's consent to such treatment and dissemination of information resulting therefrom, *id.*, Exhibit I; a Sex Offender Referral Form from the Parole Board to McAllister, *id.*, Exhibit B; evaluations of Plaintiff's sexual predilections and tendencies, *id.*, Exhibits D-F; and a letter from Defendant to the Parole Board regarding Plaintiff's refusal to participate in group therapy or to undergo a recommended polygraph examination. *Id.*, Exhibit G.

2

## II. LEGAL STANDARDS

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need not contain "detailed factual allegations," but must possess factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929, 940 (2007)(citations omitted).[1] For purposes of a motion to dismiss, the Court must accept the allegations of the complaint as true and construe them in the "light most favorable" to Plaintiff. *Dykes v. Se. Pennsylvania Transp. Auth.*, 68 F.3d 1564, 1566 n.1 (3d Cir. 1995)(citing *Wisniewski v. Johns Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). There is no heightened standard of pleading for civil rights claims made under 42 U.S.C. § 1983. *Dykes*, 68 F.3d at 1566 n.1 (citing *Pension Benefit Guar. Corp. v. White Cons. Indus., Inc.*, 998 F.2d 1192 (3d Cir. 1993)).

*Pro se* complaints, "however inartfully pleaded," receive "less stringent" treatment than those prepared by counsel. *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d. Cir. 1981)(citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Although leave to replead is "normally" granted where a complaint lacks sufficient particularity, leave to replead is "often denied" and the complaint is dismissed with prejudice in cases of "undue delay, bad faith, dilatory motive, prejudice and futility." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *see also* Fed. R. Civ. P. 9(b), 15(a).

Although Fed. R. Civ. P. 12(b) states that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "shall be treated as a motion for summary judgment" if the Court considers "matters outside the

---

[1] The Court specifically "retired" the "no set of facts" formulation of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d. 80 (1957)(holding that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). *Bell Atlantic*, 127 S.Ct. at 1969, 167 L.Ed.2d at 945.

3

pleading," the courts have held that any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record,[2] orders, [and] items appearing in the record of the case" may properly be regarded by the Court *without* converting the motion to dismiss to one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)(citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))(emphasis added). On a motion to dismiss the Court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" since "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit*, 998 F.2d at 1196 (citation omitted).

### III. ANALYSIS

**Subject matter jurisdiction**

Plaintiff has failed to plead facts supporting diversity subject matter jurisdiction. He has alleged damages in excess of $50,000, Document No. 4 at I C2, not $75,000 as required by 28 U.S.C. § 1332(a). Moreover, he indicates that he is a resident of Pennsylvania and that the events of which he complains occurred in Pennsylvania, at least suggesting that Defendant is a resident of the state as well. *See* Document No. 4. In any event, he has not made any claim that Defendant does *not* live in Pennsylvania.

Since Plaintiff has not established diversity jurisdiction, he must establish subject matter jurisdiction by pleading a federal question. *See* 28 U.S.C. § 1331. As best the Court can determine,

---

[2] Public records that may be properly considered on a motion to dismiss include "criminal case dispositions such as convictions or mistrials"; "letter decisions of government agencies"; and "published reports of administrative bodies." *Pension Benefit*, 998 F.2d at 1197. However, "a document is not a public record for purposes of a motion to dismiss solely because it might be subject to disclosure" under a Freedom of Information Act request. *Id.* (citing 5 U.S.C. § 552 (1988); 29 C.F.R. §§ 2603.1-2603.55 (1992)). It is unclear to the Court which if any of the documents submitted by Defendant may be public records; the Court therefore cannot consider them under this exception.

4

Plaintiff does not complain of any wrongdoing by the federal government or its agents. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). An individual does, however, have a federal right of action against a person acting under color of state law, if that person deprives the individual of "any rights, privileges, or immunities secured by the [United States] Constitution and laws . . . ." 42 U.S.C. § 1983; *see also Couden*, 446 F.3d at 491. To establish federal jurisdiction Plaintiff must, therefore, first meet his "threshold burden" of providing some indication that Defendant was acting under color of state law. *See Robert S. v. Stetson School, Inc.*, 256 F.3d 159, 164 (2001).

## Action under color of state law

Plaintiff alleges that Defendant told him he had to take a "poligraph" (sic) test or "she would have [him] placed back in prison." Document No. 4 at II C. That at least suggests the possibility that Defendant had some power over Plaintiff that was granted by the state. In addition, Defendant states in her Motion to Dismiss that she was an employee of McAllister and "in charge of providing social service counseling and sex offender evaluation of the plaintiff." Document No. 9 ¶ 3.

The Court finds that several of the documents attached to Defendant's motion are useful in assessing Plaintiff's claims, including Defendant's possible action under color of state law. The Court further finds that these documents are undisputedly authentic and that Plaintiff's claims are based upon them. *See Pension Benefit*, 998 F.2d at 1196. As such, the Court may consider them in deciding Defendant's motion to dismiss without converting it to a motion for summary judgment.[3] *Id.* Specifically, the Court will consider Document No. 9, Exhibit A, Parole Board's grant of parole to

---

[3] The purpose of converting a motion to dismiss for failure to state a cause of action to a motion for summary judgment when the court considers "extraneous evidence" is to provide the non-moving party with notice and a chance to respond. *Pension Benefit*, 998 F.2d at 1196. Plaintiff has signed some of the documents in question. *See* Document No. 9, Exhibit I. Moreover, since he has clearly based his complaint on the documents the Court will consider, Plaintiff is "obviously . . . on notice of the contents of the document[s], and the need for a chance to refute evidence is greatly diminished." *Id.* at 1196-97 (citation omitted).

Defendant, with special conditions, pages 1-3 only; Document No. 9, Exhibit B, Plaintiff's Sexual Offender Referral Form from the Parole Board to McAllister; Document No. 9, Exhibit E, Defendant's evaluation of Plaintiff's "sexual interest"[4]; and Document No. 9, Exhibit I, Consents for Release of Information dated 1/22/06 (2 releases) and 1/30/06 only, which were signed pursuant to Plaintiff's parole agreement. *See* Document No. 9, Exhibit A, p.3.

For the purposes of a motion to dismiss, it seems sufficiently clear that McAllister, and hence Defendant as its agent, were private contractors providing services to the Parole Board. That is not by itself enough to support a conclusion of state action. *See Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 710 (3d Cir. 1993). Instead, the contractor's function "must have been traditionally the *exclusive* prerogative of the State." *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 2772, 73 L.Ed.2d 418, 477 (1982))(emphasis in original)(internal quotation marks omitted). The "power a state exercises over a person whose liberty is restricted as a result of a criminal conviction . . . is quintessentially governmental . . . ."; it is, in effect, the exclusive prerogative of the state. *Robert S.*, 256 F.3d at 167 n.9. Moreover, "parole decisions" are decidedly state actions. *Jubilee v. Horn*, 975 F.Supp. 761, 767 (E.D. Pa. 1997)(citing *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 60 (D.C. Cir. 1984)).

Plaintiff's liberty was restricted as a result of his criminal conviction and subsequent parole agreement. The special conditions of Plaintiff's parole required that he obtain out-patient mental health treatment "until the treatment source and/or parole supervision staff determine[d] it [was] no longer necessary." Document No. 9, Exhibit B. Plaintiff was also required to be evaluated for possible "sex

---

[4] This is evidently the document in which Defendant stated that Plaintiff is "a sexual predator [and] also stated that [Plaintiff is] attracted to young African American men." Document No. 4 at II C.

offender treatment" which, if "indicated," would generate further conditions on his parole. *Id.*

Assuming the truth of Plaintiff's allegations, as the Court must in deciding a motion to dismiss, the Court finds Defendant's threat to have Plaintiff "placed back in prison" if he refused a polygraph examination, Document 4 at II C, to have been an act under color of state law. Similarly, since Defendant's recommendation that Plaintiff "needed to attend Sexual Offense treatment" could have effected a modification of Plaintiff's liberty through operation of the parole agreement, and since the recommendation itself could at least arguably be considered a parole decision, the Court finds that, for purposes of Defendant's motion to dismiss, that statement was also made under color of state law.

More generally, the Court finds that since Plaintiff has alleged facts that support an inference that Defendant had, through operation of the parole agreement, at least the theoretical power to affect the conditions imposed on Plaintiff's liberty, Defendant was operating under color of state law *vis-a-vis* all her interactions with Plaintiff. *See C.K. v. Northwestern Human Serv.*, 255 F.Supp.2d 447, 450 (E.D. Pa.2003)(citing with approval *McCullum v. City of Philadelphia*, No. CIV. A.98-5858, 1999 WL 493696, U.S. Dist. LEXIS 10423 (E.D. Pa. July 13, 1999), which found a prison food services contractor was a state actor where one of its employees allegedly assaulted an inmate, since provision of food to prison inmates was traditionally an exclusive function of the state).

Having determined, for purposes of Defendant's motion to dismiss only, that Defendant was acting under color of state law, the Court now turns to Plaintiff's individual causes of action.

**First Amendment**

Plaintiff alleges violation of his right not to speak when Defendant insisted he had to "talk in the group." Document No. 4 at II C; *see* U.S. Const. amend I. However, the First Amendment's individual right of silence jurisprudence largely focuses on the right to refrain from endorsing a

7

viewpoint the individual finds unacceptable. *See Wooley v. Maynard*, 430 U.S. 705, 715, 717 97 S.Ct. 1428, 1435-36, 51 L.Ed.2d 752, 762-64 (1977)(holding that the state could not compel an objecting couple to display its motto, "Live Free or Die," on their vehicles' license plates); *Board of Ed. v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943)(holding that public school students could not be compelled to salute the flag or recite the Pledge of Allegiance). Plaintiff in the case at bar was not being forced to endorse any viewpoint; he was merely being asked to participate in the group.

In any event, Plaintiff was not, at the time of Defendant's alleged wrongs, a totally free individual. He was, by his own admission, on parole. Document No. 4 at II C. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner *abide by certain rules during the balance of the sentence*." *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484, 492 (1972)(emphasis added). The ability to return the parolee to prison should he fail to abide by those rules provides the state with the necessary "enforcement leverage." *Morrissey*, 408 U.S. at 478-79, 92 S.Ct. at 2599, 33 L.Ed.2d at 493. The conditions of Plaintiff's parole included submission to outpatient "mental health treatment"; evaluation to determine the necessity for "sex offender treatment"; and such additional treatment as the results of that evaluation might suggest.[5] Document No. 9, Exhibit A.

Although Plaintiff has been less than forthcoming on the point, it is nonetheless clear from the information the Court may consider on Defendant's motion to dismiss that the group in question was part of the therapy to which Plaintiff had agreed as a condition of his parole. As such, he had no right under the First Amendment to refuse to participate. In light of Plaintiff's parole agreement, there is no

---

[5] The Court also notes that constitutional rights are routinely waived in plea agreements. *United States v. Teeter*, 257 F.3d 14, 22 (1st Cir. 2001)(citations omitted). It is no stretch to suggest that parole agreements present analogous situations.

8

set of facts under which Plaintiff could make out a First Amendment claim; therefore the Court dismisses it with prejudice on the ground of futility. *In re NAHC,* 306 F.3d at 1332 (holding that allowing further amendment of a complaint is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted"). In addition, since the treatment to which Plaintiff objects was a condition of his parole, and Plaintiff accepted that condition rather than remain incarcerated, the Court finds that his claim for violation of a right that he waived in exchange for a grant of parole is made in bad faith, and therefore affords further ground for dismissal of Plaintiff's claim with prejudice. *See id..*

**Refusal of polygraph**

Plaintiff has arguably asserted the violation of his Fifth Amendment right against compelled self-incrimination when he alleges that Defendant threatened him with a return to prison if he refused a polygraph examination. *See* U.S. Const. amends. V, XIV § 1; *Michigan v. Tucker,* 417 U.S. 433, 440, 94 S.Ct. 2357, 2362, 41 L.Ed.2d 182, 191 (1974)(noting that the Fifth Amendment privilege is rendered applicable to the states by operation of the Fourteenth Amendment) (citation omitted). However, as noted above, evaluation as a possible sex offender and any necessary treatment resulting from that evaluation were conditions of Plaintiff's parole. Document No. 9, Exhibit A, p.3. Defendant conducted the mandated evaluation of Plaintiff on June 26, 2006; concluded that Plaintiff "was not being honest about his sexual history"; and determined that "further evaluation" was needed, "including a polygraph exam and treatment." Document No. 9, Exhibit E at pp.1, 5. It is clear that the polygraph examination was within the ambit of the agreed-upon conditions to Plaintiff's parol and, indeed, was only being sought as a result of Plaintiff's refusal to honestly respond to questions that were part of the agreed-upon evaluation. In light of the above, it would certainly not be unreasonable for the Court to conclude

9

that Plaintiff had waived his Fifth Amendment rights "voluntarily, knowingly and intelligently" and hence has failed to state a claim. *See Tucker*, 417 U.S. at 444. S.Ct at 2363-64, 41 L.Ed. 2d at 193 (citation omitted).

To the extent that Plaintiff may have made statements that he nonetheless believed to be coerced, for purposes of an action under 42 U.S.C. § 1983, "it is the use of coerced statements during a criminal trial . . . that violates the Constitution." *Renda v. King*, 347 F.3d 550, 557-59 (3d Cir. 2003). Indeed, "[t]he privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental *trial right* of criminal defendants" and, although official conduct before trial "may ultimately impair that right, a constitutional violation occurs *only at trial*." *United States v. Verdugo-Urquez*, 494 U.S. 259, 264, 110 S.Ct. 1056, 1060, 108 L.Ed.2d 222, 232 (1972)(citing *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972))(emphasis added).

Plaintiff has made no claim that he has been charged, let alone tried, based on anything he might have said during any session either with or ordered by Defendant. Since his parole was not revoked, he also lacks grounds to seek other relief. *See Uniformed Sanitation Men Ass'n, Inc. v. Comm'r of Sanitation*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d. 1089 (1968)(holding, in an action for equitable relief, that terminating public employees who refused to provide possibly incriminating testimony without a grant of immunity violated their federal Constitutional rights); *Tortora v. Petrovsky*, 545 F.Supp. 569 (D.C. Mo. 1982)(holding that plaintiff's parole was improperly voided for his failure to volunteer incriminating evidence at his parole hearing). The Court therefore finds that Plaintiff has stated a claim "for which no relief could possibly be granted," and dismisses Plaintiff's Fifth Amendment claim with prejudice. *See Port Auth. of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999)(quoting *Melo-Sonics Corp. v. Cropp*, 342 F.2d 856, 859 (3d Cir. 1965)).

**Defamation**

Plaintiff claims that due to Defendant's allegations he "lost [his] job," and is "unable to find other employment." Document No. 4 at III. "[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)(citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). The Third Circuit has endorsed a detailed analysis of this "stigma-plus" requirement contained in *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1106-10 & nn. 14-5, 18 (D.C. Cir. 1985). *Ersek v. Township of Springfield*, 102 F.3d 79, 83 n.5 (3d Cir. 1996).

*Doe* makes it clear that there must be "two forms of government action" to "transform a [common law] defamation into a [constitutional] deprivation of liberty." *Doe*, 753 F.2d at 1108 (quoting *Mosrie v. Barry*, 718 F.2d 1151, 1161-62 (D.C. Cir. 1983)). The government must first be "the source of the defamatory allegations" and then the "resulting 'stigma' must involve some tangible change of status vis-a-vis the government." *Doe*, 753 F.2d at 1108-09. Since the Court must assume the truth of Plaintiff's allegations for purposes of this decision, the Court finds that Plaintiff has successfully pled stigmatization resulting from government action in the form of Defendant's statements. However, Plaintiff's complaint gives the Court no basis to conclude that he was discharged from a government job as a result of Defendant's statements, or that Defendant's statements have created "an effective foreclosure of [Plaintiff's] ability to seek future government employment on the same terms as other similarly situated applicants." *Id.* at 1109. Since the facts alleged in Plaintiff's defamation claim fail to "raise a right to relief above the speculative level," the claim is dismissed for

11

failure to state a cause of action.[6] *Bell Atlantic*, 127 S.Ct. at 1965, 167 L.Ed.2d at 940 (citation omitted).

### Substantive due process

For Plaintiff to maintain a § 1983 action for violation of his substantive due process rights under the Fourteenth Amendment, he faces the threshold challenge of pleading official behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Plaintiff has failed to plead anything that would allow the Court to even speculate that the conduct of a sexual offender diagnosis and treatment program by a contractor to the Pennsylvania Board of Probation and Parole to which Plaintiff voluntarily submitted himself as a condition of his parole was outrageous, egregious, or shocking to the conscience. Plaintiff's claim for violation of his substantive due process rights is therefore dismissed for failure to state a cause of action.

## IV CONCLUSION

Plaintiff cannot establish federal diversity jurisdiction. He has also failed to plead any federal cause of action, even by the lenient standards imposed on *pro se* plaintiffs. Moreover, his claims for violation of his First Amendment rights and his right against self incrimination are futile and have been made in bad faith.

---

[6] It barely warrants mention that, since Plaintiff has not established any basis for original federal jurisdiction, this Court cannot exercise supplemental jurisdiction over a state common law defamation claim. *See* 28 U.S.C. § 1367(a).

12

## ORDER

AND NOW, on this 19th day of October, 2007, after considering Defendant's Motion to Dismiss (Document No. 9), the Court hereby ORDERS that Plaintiff's claim for violation of his First Amendment rights under the United States Constitution is DISMISSED WITH PREJUDICE; Plaintiff's claim for violation of his federal Constitutional right against self-incrimination is DISMISSED WITH PREJUDICE; Plaintiff's claim for Constitutional defamation is DISMISSED; and Plaintiff's claim for violation of his Constitutional substantive due process rights is DISMISSED.

BY THE COURT:

Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**